UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YOTUHEL MONTANE,

                Plaintiff,

      -against-

THE PEOPLE OF THE STATE OF NEW
YORK, KINGS COUNTY, PART 19; THE
CITY OF NEW YORK; CHARLES HYNES;
MARIA HYMANDOU[1]; DET. WILLIAM
PETTIE; DET. EDWIN MURPHY; and
PATRICK F. CAPPOCK, Assistant District
Attorney,

                Defendants.
-----------------------------------------------------------x

10-CV-4404 (ARR)(LB)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

On September 22, 2010, plaintiff Yotuhel Montane, who is currently incarcerated at the Otis Bantum Correctional Center at Rikers Island, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915. In his complaint, plaintiff names as defendants The People of the State of New York, Kings County, Part 19; the City of New York; Kings County District Attorney Charles Hynes; Assistant District Attorneys Maria K. Haymandou and Patrick F. Cappock; and police detectives William Pettie and Edwin Murphy. (Compl. at 1-2.) In addition to his complaint, on November 8 and November 16, 2010, plaintiff filed with this court motions to suppress evidence in his pending state court criminal proceeding. For the following reasons, The People of the State of New York, Kings County, Part 19; the City of New York; Kings County District Attorney Charles Hynes; and Assistant District Attorneys Maria K. Haymandou and

---

[1] It appears that the correct spelling is Maria K. Haymandou. (Compl. at 101-112.)

Patrick F. Cappock are dismissed as defendants. Plaintiff's malicious prosecution and speedy trial claims are dismissed without prejudice. The remaining claims against defendant police detectives William Pettie and Edwin Murphy may proceed; however, they are stayed pending termination of plaintiff's state court criminal proceeding.

## BACKGROUND

Plaintiff's submission to this court consists of a form complaint for civil actions filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983, followed by 121 pages of documents from his currently pending criminal case in the New York State Supreme Court, Kings County.[2] Plaintiff's complaint alleges false imprisonment, malicious prosecution, a series of state law claims, and a violation of plaintiff's constitutional right to a speedy trial. (Compl. at 5.) Plaintiff seeks $30 million in damages. (Id. at 5.)

The grounds for plaintiff's claims are unclear based on his complaint.[3] Based on the court's review of the documents related to plaintiff's state court case, it appears that plaintiff is currently facing charges in New York State Supreme Court that he played a significant role in a

---

[2] The complaint and attachments are not consecutively numbered. Accordingly, the court refers to the page numbers assigned by the Electronic Case Filing System.

[3] For instance, plaintiff's Statement of Claim answers the question "What happened to you?" with the following: "In that the acusation toward petitioner are pre-meditaded. 1. Petitioner demonstrates false acusations, contradictions of possesions, beliefs, Exhs. in circle, A to D. 2. Petitioner demonstrates long term investigation contradiction when petitioner survaillance begins, Exhs. in circle, E to I. 3. Petitioner reflects all 'car' rentals clients in N.Y. 'Quote' then all customers are conspirators or not? Exhs. in circle, J to P." (Compl. at 3.) In answer to the question "Who did what?," plaintiff states: "In that the petitioners language translation are intentional beyond the true facts; where Det.-Informant and other identities to manifest conversation into a conspirating charge. Exh. in circle Q." (Id.) In answer to the question "Was anyone else involved?," petitioner states: "In that petitioner purposes to succeed in his buissness is malevolantly interpreted by another person trying to rent petitioner car rentals, and execute petitioner as a target." (Id.)

2

interstate drug ring through a car rental service he ran in Miami, Florida. Moreover, the court takes judicial notice of Indictment No. 03196/2009 in New York State Supreme Court, Kings County, in which plaintiff is charged with various narcotics related offenses under the New York Penal Law.[4] Based on this information and the documents filed in his criminal case, the court construes plaintiff's claims as relating to the lawfulness of his arrest, detention, and continued prosecution in his state court proceeding.

On November 8 and November 16, 2010, plaintiff filed motions to suppress evidence with this court. (Dkt. Nos. 4, 6.) Based on the court's review of these motions, it is apparent that they relate to the criminal case pending before the New York State Supreme Court.[5] In those motions, plaintiff claims that the state obtained certain evidence and statements to be used against him in violation of plaintiff's federal and state constitutional rights. Plaintiff seeks suppression of that evidence in his state court proceeding.

## DISCUSSION

I. Standard of Review

Section 1915A of Title 28 of the United States Code requires this court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any

---

[4] See http://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch.

[5] On December 3, 2010, plaintiff also filed a letter addressed to Magistrate Judge Lois Bloom and enclosing documents from a petition he had filed in the United States District Court for the Southern District of New York. (Dkt. No. 5.) Since the submission included a Notice of Appeal of that court's dismissal of his petition, this court's Pro Se Office wrote a letter to plaintiff informing him that an appeal of a Southern District judgment must be filed in the Southern District.

3

portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the in forma pauperis statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

However, a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). A court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). However, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009)(quotation and citation omitted).

II. <u>The State of New York is an Improper Defendant</u>

Plaintiff names "the People of the State of New York, Kings County, Part 19"as a defendant. The People of the State of New York, Kings County, is the New York State entity that prosecutes criminal defendants in Kings County. States and state agencies are protected from suit by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst

State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Since this state entity is immune from claims for damages, all of plaintiff's claims against the People of the State of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

III.   Plaintiff has Failed to State a Claim Against the City of New York

Plaintiff names the City of New York as a defendant. The City of New York may be sued, but a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). Plaintiff has not alleged any unconstitutional policy or custom. Accordingly, his claims against the City of New York are dismissed.

IV.   Prosecutorial Immunity

Plaintiff names the Kings County District Attorney, Charles J. Hynes, and two Assistant District Attorneys, Maria K. Haymandou and Patrick F. Cappock, as defendants. Prosecutors are entitled to absolute prosecutorial immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process,'" including the decision

whether or not to commence a prosecution. Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Thus, because the claims against defendants Hynes, Haymandou, and Cappock relate to the prosecution of plaintiff in New York State Supreme Court, they are dismissed.

V.  Claims Against Defendants William Pettie and Edwin Murphy

As all other defendants have been dismissed from the case, the only remaining defendants are police detectives William Pettie and Edwin Murphy; thus, the court must consider which of plaintiff's claims may proceed against those defendants. The court holds that plaintiff's malicious prosecution and speedy trial claims must be dismissed without prejudice. The rest of his claims may proceed; however, they are stayed pending the outcome of plaintiff's ongoing criminal trial.

   *A.  Malicious Prosecution*

In his complaint, plaintiff alleges a claim of malicious prosecution. To adequately plead a cause of action for malicious prosecution under § 1983 and state tort law, a plaintiff must allege the four elements of a common law tort of malicious prosecution: (i) commencement or continuance of a criminal proceeding, (ii) lack of probable cause, (iii) existence of malice, and (iv) termination of the criminal proceeding in plaintiff's favor. DiBlasio v. City of New York, 102 F.3d 654, 657 (2d Cir. 1996); Colon v. City of New York, 60 N.Y.2d 78, 82 (1983). Here, plaintiff has failed to show that the prosecution terminated in his favor. Accordingly, the complaint fails to state a claim for malicious prosecution, and thus that claim is dismissed without prejudice. Heck v. Humphrey, 114 S.Ct. 2364, 2374 (1994) ("Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the

plaintiff's favor, . . . so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.")

*B.     Speedy Trial*

Plaintiff also alleges a violation of his constitutional right to a speedy trial in his complaint. As with a claim for malicious prosecution, in order to adequately plead a claim under § 1983 that he was tried and convicted in violation of his Sixth Amendment right to a speedy trial, plaintiff must allege that the criminal proceeding terminated in his favor. Davis v. New York, 2003 U.S. Dist. LEXIS 5352, at *2-*3 (S.D.N.Y. April 2, 2004) (citing Heck, 512 U.S. 477), aff'd, 106 Fed. Appx. 82, 83 (2d Cir. 2004). Here, plaintiff's criminal proceeding is still pending; thus, he cannot allege that it terminated in his favor. Accordingly, his speedy trial claim is denied without prejudice.

*C.     Plaintiff's Remaining Claims*

Plaintiff's remaining claims - his claim for false arrest under § 1983 and his state law claims - may proceed against defendants Pettie and Murphy. Those claims relate to the investigation of plaintiff and his arrest on charges for which he is currently being tried in New York State Supreme Court. "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384 (2007) (citations omitted). As plaintiff's remaining claims relate to rulings that will likely be made in his pending criminal trial, this court stays consideration of

7

those claims until the criminal proceedings against him terminate.

VI.     Plaintiff's Motions Seek Intervention in a State Court Proceeding

On November 8 and November 16, 2010, plaintiff filed motions to suppress evidence and statements in plaintiff's state court criminal case that plaintiff alleges the state obtained in violation of his constitutional rights. Those motions to suppress are not properly brought in this court; rather, they are properly directed to the state court in which plaintiff is being tried. However, this court construes plaintiff's motions as a request to enjoin the state court from considering certain evidence.

In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, inter alia, the Federalism principles central to the United States Constitution. The Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," Hansel v. Town Court for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995), unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding.

Here, all the elements for Younger abstention are met: (i) there is a criminal case against plaintiff still pending, (ii) New York has an important state interest in enforcing its criminal laws, and (iii) plaintiff is free to raise his suppression claims in the pending criminal proceeding. Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").

Moreover, no extraordinary circumstances warrant intervention.

Accordingly, plaintiff's November 8 and November 16 motions are denied.

## CONCLUSION

For the reasons set forth above, the claims against the People of the State of New York, the City of New York, and individual defendants Hynes, Haymandou, and Cappock are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b). No summonses shall issue against those defendants. Additionally, the Clerk of Court shall terminate plaintiff's motions seeking relief in his pending state case, filed as Dkt. Nos. 4 and 6. The court also dismisses plaintiff's malicious prosecution and speedy trial claims without prejudice.

Plaintiff's remaining claims against the police detective defendants Pettie and Murphy may proceed; however, those claims are stayed pending the termination of the criminal proceedings against plaintiff in New York State Supreme Court. The court respectfully directs the Clerk of Court to issue summonses against detectives William Pettie and Edwin Murphy, and directs the United States Marshals Service to serve copies of the complaint, this Order, and the summonses on those defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel of the City of New York. Following the conclusion of the state criminal proceeding against plaintiff, this case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.                    /Signed by Judge Ross/

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
       January 14, 2010

SERVICE LIST:

**Plaintiff:**
Yotuhel Montane
# 900-09-01226
Otis Bantum Correctional Center
16-00 Hazen Street
East Elmhurst, NY 11370