```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
YOTUHEL MONTANE,                                              :    10-CV-4404 (ARR)
                                                              :
                              Plaintiff,                      :    NOT FOR ELECTRONIC
                                                              :    OR PRINT PUBLICATION
       -against-                                              :
                                                              :    ORDER
DET. WILLIAM PETTIE, and DET.                                 :
EDWIN MURPHY,                                                 :
                                                              :
                              Defendants.                     :
                                                              X
-------------------------------------------------------------
```

ROSS, United States District Judge:

On September 22, 2010, Yotuhel Montane ("plaintiff") commenced this pro se civil rights action against, among others, the City of New York, several assistant district attorneys, and two police detectives. Dkt. No. 1. By Order dated January 14, 2011, the court dismissed, without prejudice, plaintiff's malicious prosecution and speedy trial claims and dismissed from the case the prosecutors and municipal and state entities that had been sued. Id. The court allowed plaintiff's remaining false arrest and state law claims to proceed against Detective William Pettie and Detective Edwin Murphy ("defendants") but stayed those claims pending termination of plaintiff's related state court criminal proceedings. Id. On June 14, 2011, plaintiff pleaded guilty to conspiracy in the second degree. Dkt. No. 24-2. On July 26, 2011, defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 23. Plaintiff opposed defendants' motion to dismiss and requested leave to amend his complaint and add an additional three defendants. Dkt. Nos. 36-1, 39; see Dkt. No. 37.

On April 6, 2012, the Honorable Lois Bloom, the United States Magistrate Judge to whom the court had referred the case for pretrial purposes, issued a Report and Recommendation

1

("R&R") recommending that plaintiff's motion for leave to file an amended complaint be denied. Dkt. No. 40. No objections have been filed. Accordingly, the court has reviewed the R&R for clear error on the face of the record. See Advisory Comm. Notes to Fed. R. Civ. P. 72(b); accord Edwards v. Town of Huntington, No. 05-CV-339, 2007 U.S. Dist. LEXIS 50074, at *6 (E.D.N.Y. July 11, 2007); McKoy v. Henderson, No. 05 Civ. 1535, 2007 U.S. Dist. LEXIS 15673, at *1 (S.D.N.Y. March 5, 2007). Having reviewed the record, I find no clear error and adopt the R&R, in its entirety, as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1).

Because plaintiff shall not be granted leave to amend his complaint, the only remaining claims are those that are the subject of defendants' motion to dismiss. For the reasons stated below, defendants' motion is granted, and the case is dismissed.

## BACKGROUND[1]

The court has liberally construed plaintiff's complaint as bringing claims stemming from his arrest and prosecution for narcotics-related offenses alleged in a criminal complaint dated July 16, 2009. Dkt. No. 7 at 2-3; Compl. (Dkt. No. 1) at 39.[2] That criminal complaint asserted that, between February 2006 and March 21, 2009, in Brooklyn, New York, plaintiff engaged in conspiracy in the first degree and, more specifically, that he entered into an agreement to possess four ounces or more of cocaine. Compl. at 39. In the complaint, Detective Pettie averred that he had reviewed phone records and learned that, on February 18, 2009, a phone call was intercepted and recorded between plaintiff and a co-conspirator in which they discussed the sale and

---

[1] The facts are taken from the well-pleaded factual allegations in the complaint and, to the degree that it helps clarify the allegations, the proposed amended complaint; the numerous documents plaintiff attached to the complaint; and documents upon which the complaint relies or of which is it proper to take judicial notice. See Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference, . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." (internal citations omitted)); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) ("[A] district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6).").

[2] The complaint and attachments are not consecutively numbered. Accordingly, the court refers to the page numbers assigned by the Electronic Case Filing System.

2

purchase of cocaine. Plaintiff was arrested on the conspiracy charge on July 16, 2009, in Miami, Florida. Dkt. No. 39-1 at 1; see also Compl. at 58.

Plaintiff was thereafter indicted in New York State Supreme Court, Kings County. See Dkt. No. 7 at 2-3 (taking judicial notice of Indictment No. 03196/2009). On June 14, 2011, plaintiff pled guilty to conspiracy in the second degree, a violation of New York Penal Law § 105.15 and a class B felony, in full satisfaction of the indictment. Dkt. No. 24-2 at 11, 14-15; Dkt. No. 24-3. During his plea allocation, plaintiff admitted the charges; stated that, on ten occasions, "more or less," he had exchanged cocaine with alleged co-conspirator Erik Rodriguez at a price of $31,000 per kilogram; and that the references to cars in the telephone conversation on which he was recorded were, in fact, references to cocaine. Dkt. No. 24-2 at 14-18. In exchange for plaintiff's guilty plea, the People of the State of New York agreed to recommend that plaintiff be sentenced to a prison term of three to nine years. Id. at 9.

## DISCUSSION

I. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2d Cir. 2009). Although still subject to the facial probability standard, a pro se complaint must be construed liberally and is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996); Hidalgo v. Kikendall, No. 09-Civ-7536, 2009 U.S. Dist. LEXIS 66020, at *7-8 (S.D.N.Y. July 22, 2009).

II.     Plaintiff Cannot Maintain an Action for False Arrest

A § 1983 claim for false arrest requires proof of four elements: (1) the defendant intentionally confined plaintiff, (2) plaintiff was conscious of the confinement, (3) plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. See Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003); Harris v. County of Nassau, 581 F.Supp.2d 351, 354-55 (E.D.N.Y. 2008); Broughton v. State, 37 N.Y.2d 451, 456 (1975). If probable cause exists at the time of arrest, the confinement is privileged. Jocks, 316 F.3d at 135; Martinez v. City of New York, 340 Fed. Appx. 700, 701 (2d Cir. 2009). Thus, the existence of probable cause constitutes a complete defense to a false-arrest claim. Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999).

A "plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested." Cameron v. Fogarty, 806 F.2d 380, 388 (1986); see also, Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 335 (E.D.N.Y. 2006) ("[T]he existence of probable cause as a matter of law as to some of the crimes that [plaintiff] was charged on the day of her arrest legitimized the seizure of her person and her subsequent detention."). "The application of this policy is most appropriate where . . . the conviction resulted from a voluntary plea of guilty." Pouncey v. Ryan, 396 F. Supp. 126, 127 (D. Conn. 1975). A claim for false arrest is barred even where the civil rights plaintiff pleaded guilty to a lesser charge pursuant to a plea agreement that dismissed the charges for which plaintiff was arrested. Hope v. City of New York, 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010) ("A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest, even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested."); Roundtree v. City of New York, 778 F. Supp. 614, 619-20 (E.D.N.Y. 1991) (holding that guilty

4

plea of disorderly conduct when plaintiff was arrested for possession of cocaine barred § 1983 claim).

In this case, plaintiff pled guilty to violating New York Penal Law § 105.15 in satisfaction of the crime for which he was arrested and charged. Dkt. No. 24-3. During his plea allocution, he admitted to arranging and engaging in the narcotics sales at the center of the charged conspiracy. Plaintiff's guilty plea to this class B felony, even if different from the charges for which he was arrested, necessarily "precludes recovery under § 1983 for false arrest since it establishes that probable cause existed at the time of the arrest." Allison v. Farrell, NO. 97-CV-2247 (DAB), 2002 WL 88380, at *4 (S.D.N.Y. Jan. 22, 2002); see also McFadden v. New York, No. 10–CV–141 (RRM)(CLP), 2011 WL 6813194, at * 4 (E.D.N.Y. Dec. 28, 2011) ("[T]hat plaintiff was ultimately convicted of a lesser charge than that for which he was arrested has been uniformly rejected by courts in this Circuit as the basis for claims of false arrest and malicious prosecution."). Plaintiff therefore cannot recover, notwithstanding his renewed claim of innocence, and his false arrest claim is properly dismissed. Because the court disposes of the claim on this ground, it need not address defendants' alternative arguments for dismissal.

### III. Plaintiff's Malicious Prosecution and Speedy Trial Claims Are Dismissed with Prejudice

The court previously dismissed plaintiff's malicious prosecution and speedy trial claims without prejudice. See Dkt. No. 7 at 6-7. Defendants now move to have these claims dismissed with prejudice. In order to sustain a claim for malicious prosecution, a plaintiff must allege, inter alia, a lack of probable cause and that case terminated in plaintiff's favor. DiBlasio v. City of New York, 102 F.3d 654, 657 (2d Cir. 1996) (discussing elements of malicious prosecution claim). Plaintiff pleaded guilty in satisfaction to the indictment under which he was prosecuted and has not demonstrated that his conviction has been invalidated. As plaintiff is thus precluded

5

from making a showing of probable cause or termination of the case in his favor, his claim for malicious prosecution fails as a matter of law. See Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). Plaintiff's claim for the violation of his Sixth Amendment right to a speedy trial, also predicated on 42 U.S.C. § 1983, is similarly not cognizable. See Davis v. New York, No. 90 Civ. 6170, 2003 U.S. Dist. LEXIS 5352 (S.D.N.Y. Apr. 2, 2003) (dismissing speedy trial claim where plaintiff could not show that his conviction had been invalidated).

IV.     Plaintiff's Remaining State Law Claims Are Also Dismissed

Plaintiff may not assert pendent state law claims because he has not filed a timely notice of claim as required by New York law. See Dkt. 24-4; N.Y. Gen. Mun. Law §§ 50-e, 50-i (requiring that notice of claim be filed within 90 days after the incident giving rise to the claim). "[F]iling a notice of claim is a mandatory condition precedent to suit against New York City and its employees, and failure to comply with this condition is grounds for dismissing a state law cause of action." Cantave v. New York City Police Officers, No. 09-CV-2226, 2011 U.S. Dist. LEXIS 34231, at *24 (E.D.N.Y. Mar. 28, 2011). To the degree that plaintiff seeks leave from this court to serve a late notice of claim, see Dkt. No. 24-4, the court lacks jurisdiction to extend the time to serve a notice of claim or to grant permission to file a late notice of claim. N.Y. Gen. Mun. Law §50-e(7) ("All applications under this section [to extend time for a notice of claim] shall be made to the supreme court or to the county court."); Sheikh v. City of N.Y., Police Dep't, No. 05-CV-4718, 2008 U.S. Dist. LEXIS 107049, at *40 n.13 (E.D.N.Y. Dec. 5, 2008). Accordingly, petitioner's state law claims are dismissed.

## CONCLUSION

The court adopts and incorporates the R&R as the opinion of the court. Plaintiff's request for leave to file an amended complaint (Dkt. No. 39) is denied, defendants' motion to dismiss (Dkt. No. 23) is granted, and complaint is dismissed with prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The clerk of the court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: May 8, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Yotuhel Montane
# 11-A-3976
Fishkill Correctional Facility
271 Matteawan Road
P.O. Box 1245
Beacon, NY 12508